IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:23-CV-00197-M-RN

JARRED J. FORD, )
)
)
Plaintiff, )
) ORDER
v. )
)
NASH COUNTY GENERAL )
HOSPITAL, INC., et al., )
)
Defendants. )
_____ )

This matter comes before the court on the memorandum and recommendation (the "Recommendation") entered by Magistrate Judge Robert T. Numbers, II in this case on July 21, 2023 [DE 8]. In the Recommendation, Judge Numbers recommends that the court dismiss Plaintiff's federal claim (arising under the Emergency Medical Treatment and Active Labor Act, or "EMTALA"), and decline to exercise supplemental jurisdiction over Plaintiff's state law medical malpractice claim. DE 8 at 4-5. The Recommendation, along with instructions and a deadline for filing objections, was served on Plaintiff on July 21, 2023. *See id.* at 5-6. Plaintiff objected to the Recommendation. DE 9.

A magistrate judge's recommendation carries no presumptive weight. *See United States ex rel. Wheeler v. Acadia Healthcare Co., Inc.*, 127 F.4th 472, 486 (4th Cir. 2025). The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). "The Federal Magistrates Act only requires district courts to 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection

is made.'" *Osmon v. United States*, 66 F.4th 144, 146 (4th Cir. 2023) (quoting 28 U.S.C. § 636(b)(1)). And "a party's objection to a magistrate judge's report [must] be specific and particularized." *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). This is a low bar, particularly when the plaintiff is pro se. *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Plaintiff objects to dismissal of his EMTALA claim against Nash County General Hospital[1] (the "Hospital") on statute of limitations grounds. DE 9 at 1. In that regard, Plaintiff concedes that he filed his Complaint more than two years after the incident in question but avers that the "discovery rule" should toll the statute of limitations because he allegedly only learned about his treatment at the Hospital in May of 2022, fewer than two years before he filed the Complaint. *See id.* at 1-2. At the outset, the court agrees with the many federal courts to have considered the question and "persuasively concluded that state accrual rules, such as the discovery rule, do not apply to the EMTALA." *Blum v. Banner Health*, No. 20-CV-00409, 2021 WL 12299036, at *1 (D. Ariz. Feb. 12, 2021) (collecting cases); *see also* 42 U.S.C. § 1395dd(d)(2)(C) ("No action may be brought . . . more than two years after the *date of the violation*") (emphasis added). Like those courts, this court finds that the statutory language of the EMTALA "is best understood as a statute of repose that forecloses any action brought more than two years after the date of the alleged violation, not the date of discovery." *Amira v. Maimonides Hosp.*, No. 21-CV-3976, 2022 WL 18034533, at *12 (E.D.N.Y. Nov. 30, 2022).

---

[1] Plaintiff does not object to Judge Numbers' conclusion that the EMTALA claim against the individual doctors should be dismissed because an EMTALA claim may lie against a hospital but not its employees. DE 8 at 4. The court agrees fully with that conclusion.

2

Moreover, even if the discovery rule applied to the EMTALA claim, Plaintiff has not demonstrated that it should apply in this case. Plaintiff asserts that he "had no knowledge of being treated" at the Hospital until he "received [a] report on 05/28/2022." DE 9 at 1-2. But a party's "unsupported assertions in [a] brief" are not evidence. *I.N.S. v. Phinpathya*, 464 U.S. 183, 188 n.6 (1984); *see also Estrella v. Brandt*, 682 F.2d 814, 819–20 (9th Cir. 1982) (explaining that "[l]egal memoranda and oral argument are not evidence and do not create issues of fact"). And even if Plaintiff had made such an assertion in the form of evidence, it would not be credible, given the factual allegations in the Complaint about his treatment at the Hospital. *See* DE 1 at 3 (alleging that "Plaintiff remained in the waiting room for several minutes without receiving examination or treatment").

For all those reasons, after de novo review of Judge Numbers' Recommendation with respect to the EMTALA claim, the court adopts the Recommendation in full.

Judge Numbers recommends further that the court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. DE 8 at 5. Plaintiff objects, contending that, even though he failed to "specifically state it in [his] Complaint," the court has original subject-matter jurisdiction by virtue of "Diversity Jurisdiction under 28 USCA 1332." DE 9 at 2. Plaintiff is currently an inmate in the North Carolina prison system, *see* DE 3 at 1, but notes that his Complaint describes him as "a citizen of Florida," that "[t]he [D]efendants are citizens of North Carolina" and that "the amount in controversy exceeds $75,000," DE 9 at 2.

After considering Plaintiff's contention, the court will recommit this issue to Judge Numbers to consider whether the Complaint plausibly sets forth a basis for diversity subject-matter jurisdiction. *See* DE 1 at 2 (alleging that Plaintiff "has resided" in "St Petersburg, [] Florida"); *Goad v. Gray*, No. 3:10-CV-326, 2010 WL 4735816, at *3 (E.D. Va. Nov. 15, 2010)

3

("Traditionally, prisoners cannot change their domicile for diversity jurisdiction purposes, and instead are presumed to retain the domicile held at the time of incarceration."), *aff'd*, 441 F. App'x 142 (4th Cir. 2011); *Elliott v. Young*, No. 5:24-CT-03004, 2024 WL 2947258, at *2 (E.D.N.C. June 11, 2024) (holding that "present incarceration" did not "rebut the presumption" that prisoner retained citizenship of state where prisoner lived prior to incarceration); *Hall v. Curran*, 599 F.3d 70, 72 (1st Cir. 2010); *Thomas v. Farmer*, 148 F. Supp. 2d 593, 596 n.3 (D. Md. 2001).

The Recommendation [DE 8] is ADOPTED IN PART. Plaintiff's EMTALA claim is DISMISSED. Plaintiff's medical malpractice claim is RECOMMITED to Judge Numbers to consider whether the Complaint sets forth a basis for diversity subject-matter jurisdiction.

SO ORDERED this 6th day of August, 2025.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE