IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-00197-M-RN

**Jarred J. Ford**,

        Plaintiff,

v.

**Nash County General Hospital, Inc.**, et al.,

        Defendants.

**Memorandum & Recommendation**

Last month, the court required Plaintiff Jarred J. Ford to file an amended complaint establishing that he was seeking the necessary amount of damages to establish that the court can hear this matter under the diversity jurisdiction statute. Ford failed to file an amended complaint by the deadline specified in that order. Since Ford failed to show that this court has jurisdiction over his claim, the district court should dismiss it.

Unlike their state counterparts, federal courts have jurisdiction only over a limited set of cases and controversies. They are "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). The party invoking the court's jurisdiction bears the burden of proving that the court has the authority to hear the case. *Adams* v. *Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). If a party cannot meet their burden, the court must dismiss the case. Fed. R. Civ. P. 12(h)(3).

Ford has asserted that the court can hear his state-law medical malpractice claim through its diversity jurisdiction. Obj. at 2, D.E. 9. This type of jurisdiction exists if the amount at issue exceeds $75,000 and the parties to the case are citizens of different states. 28 U.S.C. § 1332. There

must also be complete diversity between the parties, meaning that the plaintiff must be a citizen of a different state than each of the defendants. *Strawbridge* v. *Curtiss*, 7 U.S. (3 Cranch) 267 (1806).

While there appears to be diversity of citizenship between the parties, Ford's complaint does not allege that he is seeking more than $75,000 in damages. The Supreme Court has explained that a complaint seeking to establish diversity jurisdiction "is fatally defective unless it contains a proper allegation of the amount in controversy[.]" *Schlesinger* v. *Councilman*, 420 U.S. 738, 745 n.9 (1975). As a result, he has not shown that the court can hear this matter under its diversity jurisdiction. So the District Court should dismiss this case without prejudice.

The Clerk of Court must serve a copy of this Memorandum and Recommendation ("M&R") on each party who has appeared in this action. Any party may file a written objection to the M&R within 14 days from the date the Clerk serves it on them. The objection must specifically note the portion of the M&R that the party objects to and the reasons for their objection. Any other party may respond to the objection within 14 days from the date the objecting party serves it on them. The district judge will review the objection and make their own determination about the matter that is the subject of the objection. If a party does not file a timely written objection, the party will have forfeited their ability to have the M&R (or a later decision based on the M&R) reviewed by the Court of Appeals.

Dated: November 13, 2025

_____
Robert T. Numbers, II
United States Magistrate Judge